(May 21, 1964)

■ U. S. VITAMIN & PHARMACEUTICAL CORPORATION, Respondent, v. CAPITOL COLD STORAGE COMPANY, INC., Appellant, and POLYTEMP, INC., Appellant-Respondent.— Judgment entered March 21, 1963, in favor of plaintiff in the sum of $15,858.62 in a property damage action, unanimously modified on the law, on the facts and in the interests of justice, to the extent of directing a new trial on the cross complaint of defendant Capitol Cold Storage Company, Inc., against defendant Polytemp, Inc., with costs to abide the event, and, as so modified, affirmed, with costs to plaintiff-respondent. The evidence is to the effect that the pipe to which the offending sprinkler head was affixed was horizontal prior to the occurrence and subsequent thereto was observed to have deviated therefrom in the direction of and closer to the furnace. The reason for the change in position of the pipe might well be a question of fact. The jury was not entitled, however, to credit the speculation of defendant Polytemp's expert that the sprinkler head branch was impaired prior to the occurrence since there was no evidence to support that claim. Further, that the jury was confused with respect to the issues involved in the cross complaint is apparent from its request for clarification of the instructions with regard thereto and the colloquy which followed the court's attempt at clarification. The charge failed to clearly and adequately set forth the principles of law applicable to the issues on the cross complaint. Where a charge is so inadequate as to preclude fair consideration by the jury of the issues, the judgment entered on the resulting verdict will be reversed and a new trial ordered. (*Poyas* v. *RKO Keith Orpheum Theatres*, 14 A D 2d 358.) The fact that exception was not taken to the charge does not preclude this court from ordering a new trial in the interests of justice. (*Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95, 100; *Arroyo* v. *Judena Taxi*, 20 A D 2d 888.) Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.